**W. W. BANKS et ux., Appellants,**

v.

**J. C. GUMM, d/b/a J. C. Gumm Tile Company, Appellee.**

No. 4013.

Court of Civil Appeals of Texas.

Waco.

Sept. 27, 1962.

Rehearing Denied Oct. 18, 1962.

Jay S. Fichtner, Dallas, for appellants.

Leonard E. Hoffman, Jr., Dallas, for appellee.

WILSON, Justice.

Appellee Gumm, a tile contractor, recovered judgment against Mr. and Mrs. Banks for the value of material and labor furnished for improvements to their dwelling. Findings and conclusions were filed.

Appellants urge no recovery could be had because the improvements were to their homestead. There is no pleading raising this question. The only evidence is that they occupied the property. If it was

a homestead, the judgment, under remittitur, did not impress a lien. Decisions relied on by appellant deal with lien foreclosure.

Gumm originally brought the action against appellants and a general contractor, (who was subsequently dismissed) alleging an express contract between these defendants for furnishing the labor and material, and alleging that the general contractor thereafter entered into an oral contract with Gumm by which the latter would furnish them. He alleged also that Mrs. Banks, individually and as agent for her husband, promised to pay the contract price therefor if the general contractor failed to do so. He further alleged the materials and labor constituted reasonable necessaries to appellants, who accepted the benefits thereof; and alternatively prayed for judgment in quantum meruit for their value.

It is contended that because Gumm pleaded and testified Mrs. Banks only agreed to pay if the general contractor failed to do so; and because Gumm filed an affidavit for record (in unsuccessfully attempting to perfect a mechanic's lien) reciting that he made a verbal agreement with this contractor to do the work, he is bound by his admissions; and no recovery could be had against the owners. He further insists that the agreement alleged to have been made by Mrs. Banks contravened the statute of frauds.

 The court found that no express agreement was ever made by Gumm with either appellants or the general contractor as to what Gumm was to do, or what price he would be paid; that the general contractor requested Gumm to act as a subcontractor, but he refused to do so, having learned from Mrs. Banks that the former had defaulted in performance of the general contract; that Mrs. Banks, individually, and as agent for her husband, asked Gumm not to leave the job, told him she and her husband "had to have the bathroom completed" and agreed to pay him a specified sum; that Mr. Banks requested Gumm to do extra work, reasonably worth an amount found; that the materials and labor furnished were necessaries. He found Mr. and Mrs. Banks supervised Gumm's work, suggesting changes as it progressed, and accepting the benefits thereof.

Under these, and other findings supporting the judgment, contentions as to admissions and the statute of frauds become immaterial. The coverture of Mrs. Banks also, is not material under the determinations summarized. The judgment is sustained on theories as to which appellants' contentions are inapplicable.

The judgment is modified to delete recovery of interest other than from date of judgment. Other points are overruled, and as modified the judgment is affirmed.